**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WildEarth Guardians,<br><br>    Plaintiff,<br><br>vs.<br><br>Ken Salazar, U.S. Secretary of the Interior, sued in his official capacity,<br><br>    Defendant. | No. CV-09-574-PHX-FJM<br><br>**ORDER** |

This is an action challenging the Secretary of the Interior's (the "Secretary") ruling on a petition to list the Gunnison's prairie dog under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-1544. We have before us a motion to intervene by the Board of County Commissioners of the County of Gunnison, Colorado ("Gunnison County") (doc. 14 ), plaintiff WildEarth Guardians's response (doc. 21), defendant's response (doc. 22), and Gunnison County's reply (doc. 23).

**I**

Plaintiff filed a petition to protect the Gunnison's prairie dog under the ESA. The Secretary divided the Gunnison's prairie dog's habitat into two areas: the montane portion and the prairie portion. The montane portion is located in portions of central Colorado and New Mexico, while the prairie portion includes portions of Arizona, Utah, and western New Mexico. The Secretary concluded that listing the Gunnison's prairie dog as "endangered"

or "threatened" in the prairie habitat was not warranted and that listing in the montane portion was warranted but precluded by work on other pending proposals of higher priority.

Plaintiff seeks a declaration that the Secretary violated the ESA and the Administrative Procedure Act and seeks an injunction requiring the Secretary to issue a new finding. Gunnison County moves to intervene as of right or permissively under Rule 24(a) and (b), Fed. R. Civ. P., to oppose plaintiff's requested relief.

**II**

Gunnison County argues that it must be permitted to intervene in this action as of right. Under Rule 24(a)(2), Fed. R. Civ. P., an applicant must be allowed to intervene as of right if the applicant: (1) files a timely application; (2) has a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) is situated so that "disposition of the action may impair or impede the applicant's ability to protect that interest;" and (4) has an interest that is not adequately represented by the existing parties. Nw. Forest Res. Council v. Glickman, 82 F.3d 825, 836 (9th Cir. 1996) (citation omitted). Rule 24 should be interpreted "broadly in favor of intervention." Forest Conservation Council v. U.S. Forest Serv., 66 F.3d 1489, 1493 (9th Cir. 1995) (citation omitted). Plaintiff concedes that Gunnison County's motion is timely, but argues that Gunnison County has failed to show any of the other three required factors.

Gunnison County is in the montane portion of the Gunnison's prairie dog's habitat and claims that its statutory authority to regulate its environment, economy, and land is a significant protectable interest that would be effected by this litigation. Plaintiff argues that Gunnison County has failed to state a significant interest because its claims are too speculative. We disagree. "[I]n order to establish a protectable interest sufficient to intervene as of right, an applicant-intervenor must establish (1) 'that the interest [asserted] is protectable under some law, and [(2)] that there is a relationship between the legally protected interest and the claims at issue.'" Forest, 66 F.3d at 1494 (quotation omitted). Gunnison County has an existing legal right to regulate land use within its jurisdiction. Gunnison County's legal authority may be directly affected by the merits of the Secretary's

listing decision. Moreover, efficiency is best served if these issues are resolved in a single action. Id. at 1496 ("[T]he 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.") (quotation omitted).

Gunnison County must also show "that disposing of the action may, as a practical matter, impair or impede [its] ability to protect [its] interest." Fed. R. Civ. P. 24(a)(2). Plaintiff argues that Gunnison County's interests are not directly at stake here because if a new listing decision is required, Gunnison County will still have the opportunity to participate in that administrative process. Yet, a judgment here may restrain the Secretary's ability to consider Gunnison County's position in a future administrative proceeding. Disposition of this action may, therefore, impair Gunnison County's ability to protect its interest in a future proceeding.

Finally, Gunnison County must show that the Secretary will not adequately represent its interests. "[A] presumption of adequate representation generally arises when the representative is a governmental body or officer charged by law with representing the interest of the absentee." Forest, 66 F.3d at 1498 (quotation omitted). The Secretary, however, is required to represent the Nation as a whole and not just the interests of Gunnison County. Because of its unique position in the montane portion of the Gunnison's prairie dog's habitat, Gunnison County has a local interest that may not be shared by the country as a whole. Id. at 1499 ("Inadequate representation is most likely to be found when the applicant asserts a personal interest that does not belong to the general public.") (quotation omitted). Moreover, the Secretary takes no position on the motion and fails to assert that it would adequately represent Gunnison County's interest.

We conclude, therefore, that Gunnison County has shown that it is entitled to intervene in this action as of right under Rule 24(a), Fed. R. Civ. P. In any event, we note that because of its unique vantage point, we would have allowed Gunnison County to participate as an amicus curiae.

**III**

1 | Accordingly, **IT IS ORDERED GRANTING** the Board of County Commissioners
2 | of the County of Gunnison, Colorado's motion to intervene (doc. 14).
3 | DATED this 23rd day of June, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge