**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| WildEarth Guardians, | ) | No. CV-09-00574-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Ken Salazar, U.S. Secretary of the Interior, sued in his official capacity, | ) | |
| Defendant. | ) | |

Plaintiff WildEarth Guardians brings this action challenging the Secretary's finding in response to a petition to list the Gunnison's prairie dog under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-1544, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. The court has before it a motion to intervene by Arizona and New Mexico Cattle Growers' Associations ("Cattle Growers") (doc. 33), plaintiff's response (doc. 43), and Cattle Growers' reply (doc. 44). We also have before us plaintiff's motion to supplement the administrative record (doc. 41), the Secretary's response (doc. 45), and plaintiff's reply (doc. 46). Finally, we have before us Cattle Growers' motion to strike (doc. 50) plaintiff's notice of new evidence (doc. 49), responses by the Secretary and plaintiff (docs. 52 & 53), and plaintiff's motions for an extension of time and for leave to file excess pages (docs. 47 & 48).

**I. Background**

In February 2004, plaintiff's predecessor filed a petition to list the Gunnison's prairie dog under the ESA. On February 5, 2008, the Secretary found that listing is not warranted in the prairie portion of its range and warranted but precluded by higher priority proposals in the montane portion of its range. The prairie portion includes parts of Arizona, Utah, and western New Mexico. The montane portion includes parts of Colorado and New Mexico. On March 24, 2009, plaintiff filed this action challenging the Secretary's finding on three grounds. Plaintiff contends that the Secretary cannot find that a species warrants listing only in a significant portion of its range. Alternatively, plaintiff contends that the Secretary impermissibly found that listing is not warranted in the prairie portion and precluded in the montane portion.

On April 16, 2009, Gunnison County moved to intervene. Although we granted the motion, the county subsequently agreed to participate as an amicus curiae during a scheduling conference on September 4, 2009. Through a motion filed on October 9, 2009, Cattle Growers now seek to intervene as of right or permissively under Rule 24, Fed. R. Civ. P., to defend the Secretary's finding.

In a separate motion, plaintiff seeks to supplement the administrative record filed by the Secretary with thirteen documents it contends either should have been included in the record or should be accepted as extra-record material.

**II. Motion to Intervene as of Right**

Cattle Growers contend that they have a right to intervene. Under Rule 24(a)(2), Fed. R. Civ. P., intervention as of right requires a timely motion, a "significantly protectable" interest relating to the property or transaction that is the subject of the action, the potential for the action's disposition to impair or impede the ability to protect the interest as a practical matter, and inadequate representation of the interest by the existing parties. Nw. Forest Res. Council v. Glickman, 82 F.3d 825, 836 (9th Cir. 1996) (citation omitted). Plaintiff contends that Cattle Growers cannot meet any of the requirements.

1    Cattle Growers must show that their motion to intervene is timely. Determining
2 timeliness involves three criteria: the stage of the proceedings, prejudice to the parties, and
3 the reason for the delay. Id. Despite plaintiff pointing out their failure in its response, Cattle
4 Growers do not give a reason for their six-month delay. "A party seeking to intervene must
5 act as soon as he knows or has reason to know that his interests might be adversely affected
6 by the outcome of the litigation." United States v. Oregon, 913 F.2d 576, 589 (9th Cir. 1990)
7 (quotation and citation omitted). Although Cattle Growers agree to abide by the briefing
8 schedule set for summary judgment, which is the determinative stage of these proceedings,
9 their intervention at this point would be potentially disruptive. On the other hand, the
10 potential for prejudice is low because the scope of this action is limited to a review on an
11 administrative record. In light of the stage of the proceedings and the lack of a reason for the
12 delay, we conclude that Cattle Growers' motion is untimely.

13    Cattle Growers must also show that they have a sufficient protectable interest related
14 to this action and that the disposition of this action would impair its protection. Cattle
15 Growers assert that their members' economic and property interests in ranches, grazing
16 permits, and leases covering land inhabited by the Gunnison's prairie dog are significantly
17 protectable. And they claim that their ability to protect these interests would be negatively
18 affected if plaintiff prevails. We disagree. Our inquiry is narrowly focused on the
19 Secretary's compliance with provisions of the ESA that only require performance by the
20 federal government. See 16 U.S.C. §§ 1532, 1533(b)(3) (defining terms and detailing the
21 Secretary's responsibility to respond to petitions). In actions to compel the federal
22 government's compliance with the National Environmental Policy Act ("NEPA"), 42 U.S.C.
23 §§ 4321-4347, private parties may not intervene as of right as defendants because they cannot
24 violate the NEPA. See Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1108 (9th Cir.
25 2002). The same reasoning applies here. Because plaintiff only seeks to compel the
26 Secretary to comply with ESA provisions that private parties cannot violate, Cattle Growers
27 do not have a sufficient interest to intervene as defendants as of right. See Sw. Ctr. for
28 Biological Diversity v. U.S. Forest Serv., 82 F. Supp. 2d 1070, 1073-74 (D. Ariz. 2000)

1 (applying NEPA rule in an ESA compliance action at the liability phase).  Indeed, in
2 complying with the ESA provisions at issue, the Secretary may not consider Cattle Growers'
3 asserted interests.  See 16 U.S.C. § 1533(b)(1)(A).  Moreover, were plaintiff to prevail, Cattle
4 Growers' ability to protect their interests would not be impaired because they could
5 participate in the resulting administrative process should the Secretary find listing warranted
6 and not precluded and potentially challenge a future decision to list the Gunnison's prairie
7 dog.  See Friends of the Wild Swan, Inc. v. U.S. Fish & Wildlife Serv., 896 F. Supp. 1025,
8 1027-28 (D. Or. 1995) (denying private parties' motion to intervene as of right to defend
9 decision not to list a species on the same grounds).  Cattle Growers have not met the interest
10 and impairment requirements.

11 Finally, Cattle Growers must show that the Secretary might not adequately represent
12 their interests in defending the Secretary's finding.  Adequacy of representation depends on
13 whether a party's interest is such that it will undoubtedly make all of a proposed intervenor's
14 arguments, whether a party is capable and willing to make such arguments, and whether a
15 proposed intervenor would offer any necessary elements to the proceeding that other parties
16 would neglect.  Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003).  A presumption
17 of adequacy arises when a proposed intervenor and a party share the same ultimate objective.
18 Id.  Cattle Growers and the Secretary have the same objective of upholding the Secretary's
19 finding, which makes the Secretary's representation presumptively adequate.  To be sure,
20 Cattle Growers' economic and property interests are not shared by the Secretary.  However,
21 given the narrow "arbitrary, capricious, an abuse of discretion, or otherwise not in
22 accordance with law" standard of review applicable to this action, it is unlikely that Cattle
23 Growers would make any contentions beyond, or appreciably different from, the Secretary's
24 or add any necessary element.  5 U.S.C. § 706.  Cattle Growers have not shown that the
25 Secretary's representation would be potentially inadequate.

26 Considering all four requirements, we conclude that Cattle Growers are not entitled
27 to intervene under Rule 24(a)(2), Fed. R. Civ. P.  We deny Cattle Growers' motion to
28 intervene as of right.

**III. Motion to Intervene Permissively**

Cattle Growers also move for permissive intervention. We may permit someone to intervene on a timely motion who "has a claim or defense that shares with the main action a common question of law or fact," when it would not cause undue delay or prejudice. Rule 24(b), Fed. R. Civ. P. The likelihood that Cattle Growers' contentions would mirror the Secretary's and the adequacy of the Secretary's representation weigh against permissive intervention, as do the statutory relevance of Cattle Growers' asserted interests and the potential to prolong disposition of this action. The potential for prejudice is low. On balance, we deny Cattle Growers' motion to permit intervention. We invite Cattle Growers to participate as amici curiae to the same extent as Gunnison County.

**IV. Motion to Supplement the Record**

Plaintiff moves to supplement the administrative record with thirteen documents it contends were either before the Secretary, and thus a part of the record, or should be accepted as extra-record material. In response, the Secretary points out that one of the documents actually is in the record and concedes that another was left out inadvertently. See Motion to Supplement, Exs. J-K. The Secretary submits an affidavit from the U.S. Fish and Wildlife Service averring that none of the remaining eleven documents was considered and he opposes accepting any extra-record material.

Under the APA, judicial review of the Secretary's finding is limited to review of the whole record on which the administrative decision was based. See Thompson v. U.S. Dept. of Labor, 885 F.2d 551, 555 (9th Cir. 1989). The whole record consists of all documents and materials directly or indirectly considered by the Secretary, including evidence contrary to his position. Id. Plaintiff contends that nine documents cited in the petition to list the Gunnison's prairie dog were before the Secretary. These documents include field reports, a map, several emails, and a memo. See Motion to Supplement, Exs. A-I. Plaintiff also contends that two reports cited in a report in the record were before the Secretary. See id., Exs. L-M. It does not claim that these documents were physically before the Secretary. Rather, it claims that the Secretary either necessarily considered the documents while

1 evaluating the petition or necessarily considered them insofar as they are cited in documents
2 he did consider. We disagree.

3 The Secretary reviews petitions to see whether they present "substantial scientific or
4 commercial information indicating that the petitioned action may be warranted." 16 U.S.C.
5 § 1533(b)(3)(A). By regulation, he considers, among other things, whether the petition "is
6 accompanied by appropriate supporting documentation in the form of bibliographic
7 references." 50 C.F.R. § 424.14. Plaintiff maintains that the Secretary must have considered
8 nine of the sources cited in the petition during this process. Whatever the efficacy of
9 reviewing every cited source to determine whether a petition presents substantial
10 information, it is not required. Moreover, given the nature of the nine documents, the
11 petition's reliance on them, and plaintiff's representation that only sixty-five of the
12 approximately 196 sources referenced in the petition appear in the record, we find no
13 suggestion of selective exclusion. The Secretary did not necessarily consider these
14 documents during his evaluation of the petition.

15 Next, plaintiff contends that considering the petition and a report in the record requires
16 considering their underlying sources, if only indirectly. Thus, all eleven documents were
17 before the Secretary by way of citation. In response, the Secretary claims that a
18 consideration-through-citation rule would be practically unworkable because it would require
19 collecting all sources cited in all reports. These positions are, of course, extremes. For
20 present purposes, we find no indication that either the petition or the report relies so heavily
21 on the underlying sources in question that one might fairly be said to have considered the
22 sources merely by considering the documents in which they are cited. Therefore, we deny
23 plaintiff's motion to the extent that it seeks to challenge the record as incomplete.

24 Finally, plaintiff also moves to include the same eleven documents as extra-record
25 material in order to explain complex issues. Extra-record material may be considered by the
26 court where it is "necessary to explain technical terms or complex subject matter." <u>Inland</u>
27 <u>Empire Pub. Lands Council v. Glickman</u>, 88 F.3d 697, 704 (9th Cir. 1996). None of the
28 documents offered by plaintiff would aid a layperson's understanding of the basic concepts

involved. Accordingly, we deny plaintiff's motion to supplement the record with extra-record material.

### V. Motion to Strike

We deny Cattle Growers' motion to strike plaintiff's notice of new evidence as moot because we deny Cattle Growers' motion to intervene on other grounds. Plaintiff submits a press release and a newspaper article in an effort to stir the waters with respect to Cattle Growers' intentions as proposed intervenors. We do not consider plaintiff's new evidence and we do not question Cattle Growers' representations. Nevertheless, Cattle Growers' motion to strike is now moot and it is denied for that reason.

**IT IS THEREFORE ORDERED DENYING** Arizona and New Mexico Cattle Growers' Associations' motion to intervene (doc. 33). They may participate as amici curiae. If they choose to do so, they shall file one brief no later than December 16, 2009.

**IT IS FURTHER ORDERED DENYING** plaintiff's motion to supplement the administrative record (doc. 41). Within thirty days of this order, the Secretary shall file a supplemental administrative record incorporating Jack F. Cully, Jr.'s "Growth and Life-History Changes in Gunnison's Prairie Dogs After a Plague Epizootic" from the Journal of Mammalogy. The parties may cite the Cully report as it appears in plaintiff's motion to supplement for purposes of summary judgment briefing.

On grounds of mootness, **IT IS FURTHER ORDERED DENYING** Cattle Growers' motion to strike (doc. 50), **DENYING** plaintiff's motion for extension of time (doc. 47), and **DENYING** plaintiff's motion for leave to file excess pages (doc. 48).

DATED this 24th day of November, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge